Glen SHADID, et al.

v.

Doug JACKSON, et al.

No. P–80–53.

United States District Court,
E. D. Texas,
Paris Division.

Feb. 27, 1981.

Jim D. Lovett, Clarksville, Tex., for plaintiff.

A. Webb Biard, Paris, Tex., Tommy Allison, Longview, Tex., Jim Hooper, Texarkana, Tex., Clayton Hall, Jack O. Herrington, Clarksville, Tex., for defendants.

### ORDER

JUSTICE, Chief Judge.

Defendants Donald Parks and the City of Clarksville, Texas, have filed a motion regarding public statements by the attorneys of record in the above-captioned civil action. Defendants ask this court to order all attorneys involved in the case to adhere strictly to the letter and spirit of Disciplinary Rule 7–107(G), *Code of Professional Responsibility,* Tex.Rev.Civ.Stat.Ann., Title 14 App., Art. 12 § 8 (Vernon Supp.1980–81). Defendants assert that lead counsel for plaintiffs have violated that rule by providing information concerning the case to members of the news media for publication.

Disciplinary Rule 7–107(G) provides as follows:

A lawyer or law firm associated with a civil action shall not during its investigation or litigation make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, that a reasonable person would expect to be disseminated by means of public communication and that relates to:

(1) Evidence regarding the occurrence or transaction involved.

(2) The character, credibility, or criminal record of a party, witness, or prospective witness.

(3) The performance or results of any examinations or tests or the refusal or failure of a party to submit to such.

(4) His opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule.

(5) Any other matter reasonably likely to interfere with a fair trial of the action.

■ These proscriptions, on their face, constitute a broad, prior restraint on freedom of expression which may be exercised by attorneys involved in a civil action. A restraint of this nature is "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Association v. Stuart,* 427 U.S. 539, 559, 96 S.Ct. 2791, 2803, 49 L.Ed.2d 683 (1976). In foreclosing speech before it can occur, a prior restraint has an immediate and irreversible impact. *Id.* The damage can be particularly acute when the restraint falls upon the communication of news and commentary on current events. *Id.* In order to overcome its presumptive invalidity under the First Amendment, a prior restraint must: (1) be necessary in order to prevent a direct, immediate, and irreparable harm; (2) sweep no more broadly than necessary to accomplish its purpose; and (3) be accompanied by procedural safeguards to minimize the danger of suppressing constitutionally-protected speech. *Bernard v. Gulf Oil Co.,* 619 F.2d 459, 476–77 (5th Cir.

1980) (*en banc*), *appeal docketed* # 80–441, U.S. 49 U.S.L.W. 3252 (1980). If alternative mechanisms are available to ensure a free trial, the use of prior restraint cannot be supported. *See Nebraska Press*, 427 U.S. at 562–65, 96 S.Ct. at 2804–05.

The disciplinary rule relied upon by defendants run afoul of these constitutional requirements. D.R. 7–107(G) stifles communication of any kind on a broad range of issues relevant to a civil lawsuit. No particularized showing of prejudice is required by the rule. No less restrictive alternatives are considered. Procedural safeguards are altogether lacking.

■ Two courts of appeals which have considered the validity of D.R. 7–107(G) have held the rule to be unconstitutional. *Hirschkop v. Snead*, 594 F.2d 356, 373 (4th Cir. 1979) (*en banc*); *Chicago Council of Lawyers v. Bauer*, 552 F.2d 242, 258–59 (7th Cir. 1975), *cert. denied* 427 U.S. 912, 96 S.Ct. 3201, 49 L.Ed.2d 1204. Both courts focused on the overbreadth of the rule as its primary deficiency. Noting that civil litigation often expresses a need for governmental corrective action, the court in *Bauer* concluded that "[s]uch revelations should not be kept from the public." *Id.* at 258. In *Hirschkop*, the court noted the availability of narrower means to assure confidentiality in appropriate cases. 594 F.2d at 373.

While the Court of Appeals for the Fifth Circuit has not directly confronted the validity of D.R. 7–107(G) as yet, the Court recently demonstrated its extreme reluctance to approve prior restraint on communication by an attorney involved in civil litigation. In *Bernard v. Gulf Oil Co.*, the Court, sitting *en banc*, declared unconstitutional a district court order limiting communication by counsel to prospective members of a plaintiff class. The Court observed that "[a] lawyer's First Amendment right to comment about pending or imminent criminal litigation can be proscribed only if his comments pose a serious and imminent threat of interference with the fair administration of justice." *Id.* at 474. Citing the Fourth Circuit's opinion in *Hirschkop*, the

Court found that standard no less stringent in the civil arena. *Id.*

In the instant case, the rule on its face is constitutionally deficient, and defendants have made no showing that a prior restraint in this particular instance satisfies the criteria set forth by the Supreme Court. If defendants feel that the published remarks of plaintiffs' lead counsel are creating unfavorable publicity, they have numerous remedial steps at their disposal, including a motion for change of venue, a postponement of the trial to allow public attention to subside, and searching questioning of prospective jurors. *See Nebraska Press*, 427 U.S. at 563–64, 96 S.Ct. at 2804–05. Since D.R. 7–107(G) is unconstitutional on its face, it cannot be employed as a vehicle for preventing attorneys of record in this case from exercising their protected right of free communication.

On the basis of the foregoing, it is accordingly ORDERED that the motion of defendants Donald Parks and the City of Clarksville, Texas, that all attorneys involved in this action be instructed to adhere strictly to the letter and spirit of Disciplinary Rule 7–107(G) is, in all respects, DENIED.